```
                                                            CLERK'S OFFICE U.S. DIST. COURT
                                                                  AT ROANOKE, VA
                                                                       FILED
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF VIRGINIA                    DEC 1 3 2005
                       ROANOKE DIVISION
                                                               JOHN F. CORCORAN, CLERK
                                                             BY:
                                                                      DEPUTY CLERK
```

| | | |
|---|---|---|
| JOSEPH BOWLER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:05-cv-00747 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| C/O BLANKENSHIP, et al., | ) | By: Hon. James C. Turk |
|     Defendants. | ) | Senior United States District Judge |
| | ) | |

Plaintiff Joseph Bowler, a Virginia inmate acting pro se, submits a stack of documents complaining about prison conditions that the court construed and conditionally filed as a civil action, pursuant to 42 U.S.C. §1983. As Bowler does not include the $250.00 filing fee with his complaint, he also apparently applies to proceed in forma pauperis. In this complaint, Bowler asserts that the defendant officers at Red Onion State Prison physically assaulted him in the past, called him racial names, and threatened his life. He also alleges that officers lost, damaged, or destroyed his personal property or allowed it to be stolen, and denied him medical care and food on some past occasion. Upon review of the record, the court concludes that Bowler's complaint must be filed for administrative purposes only and immediately dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

As stated, Bowler has not prepaid the $250.00 filing fee required in civil actions and, instead, seeks to proceed in forma pauperis. Court records indicate that Bowler has filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim: Bowler v. Braxton, 7:03-cv-00652 (W.D. Va. December 3, 2003)(dismissed under §1915A, failure to state a claim); Bowler v. Young, 7:03-cv-00231 (W.D. Va. April 7, 2003)(dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure

1

to state a claim); Bowler v. Young, 7:03-cv-00148 (W.D. Va. March 6, 2003) (dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim). Therefore, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis in this court unless he demonstrates that he is in imminent danger of physical harm related to his claims.

A prisoner may invoke the imminent danger exception to the §1915(g) "three strikes" provision only to seek relief from a danger which is imminent at the time the complaint is filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). In order to qualify for the imminent danger exception, the prisoner must at least raise a credible allegation that he is in imminent danger of serious physical harm. White v. State of Colorado, 157 F.3d 1232 (10th Cir. 1998) (citing Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds). Allegations that the inmate has faced imminent danger in the past are insufficient to trigger the §1915(g) exception. See Abdul-Akbar, 239 F.3d 307 (being sprayed once with pepper spray not imminent danger); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger).

All of Bowler's complaints concern past events, and Bowler does not allege facts indicating any imminent threat of physical harm related to these past deprivations. Thus, Bowler fails to allege facts sufficient to satisfy the "imminent danger" requirement for in forma pauperis under §1915(g). Therefore, the court will deny Bowler's request to proceed in forma pauperis under §1915(g). As Bowler is well aware of his three strikes and the requirement that he prepay the fee or otherwise satisfy §1915(g), the court will file and dismiss this action without prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 13th day of December, 2005.

                                                /s/ James C. Turk
                                         Senior United States District Judge